## POLLY RAWLINGS *v.* L. J. BOSLEYS, ADMR.

**Improvements Made by Father on Sons' Property Subject to His Debts—Assignee in no Better Position.**

If the sons permitted their father to make valuable improvements upon their real property, with funds he should have applied to the payment of his debts, they could not complain that their father's creditors should be allowed to subject such improvements to the payment of their claims, and their assignee, with knowledge of the facts, is in no better position than the sons.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

October 19, 1871.

OPINION BY JUDGE LINDSAY:

The improvements made upon the lots adjudged to be the property of Mrs. Rawlings were made whilst her two sons held the title bond of her vendors, the McVeys.

At that time she held neither the legal nor equitable title to said lots. If the sons permitted their unobedient father to make valuable improvements upon their realty, with funds he should have applied to the payment of his debts, and from the record we must assume that they did so with full knowledge of how such improvements were being made, they could not complain that their father's creditors should be allowed to subject such improvements to the payment of their claims. Mrs. Rawlings, who now holds the title as their assignee, took from them with notice of all the facts, and according to her own showing, without consideration as to the original value of the property. She is in no better position than the sons would have been if they had retained the title to the lots..

In so far as the improvements enhance the value of the property, appellee has a right to subject it to the payment of his judgment, and to that extent he holds a lien upon it.

Judgment affirmed. Judge Hardin did not sit in this case.

*Browne, for appellant.*

*Hays, for appellee.*